JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HARRIS MARCUS HOME, INC., <br><br> Defendant. | CASE No. 2:10-cv-09557-DSF-FFMx <br><br> (Assigned for All Purposes to Judge Dale S. Fischer) <br><br> **[ORDER RE STIPULATION RE SETTLEMENT AND CONSENT DECREE** <br><br> Discovery Cutoff: 12/19/11 <br> Motion Cutoff: 6/4/12 <br> Trial Date: 9/11/12 |

The Court has reviewed the terms of the Stipulation Re Settlement And Consent Decree submitted by the parties.

WHEREAS, Native American Arts, Inc. ("Native American Arts") and IIH Industries, LLC d/b/a Harris Marcus Home, Inc. incorrectly sued as Harris Marcus Home, Inc. (hereinafter "Harris Marcus") have agreed and stipulated to the entry of a Dismissal with prejudice and Agreed Order; and

WHEREAS, Native American Arts alleges it is a wholly Indian-owned Indian arts and crafts organization involved in the distribution of authentic Indian arts and crafts with its headquarters in the Northern District of Illinois; and

/ / /

1. WHEREAS, Native American Arts is composed of members of an Indian tribe and alleges it meets the definition of authentic Indian arts and crafts organization as defined in Title 25 U.S.C. 305(e); and

WHEREAS, Native American Arts filed this action in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Native American Arts, Inc. v. Harris Marcus Home, Inc.*, Case Number 10 CV 2739, which was later transferred to the Central District of California, Case Number 2-10 CV 09557-DSF-FFMx, (hereafter "Pending Litigation"), which alleged violations of the Indian Arts and Crafts Act, U.S.C.§ 305(e) and the Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA"); and

Good cause appearing therefore, IT IS HEREBY ORDERED:

1.  Defendant Harris Marcus having consented to the entry of an Injunction against Harris Marcus in favor of Native American Arts, a Consent Decree and Injunction (the "Injunction") are hereby issued which Injunction hereby enjoins and restrains Harris Marcus, its officers, directors, shareholders, partners, attorneys, parents, subsidiaries, agents, employees, assigns and any person acting in concert with Harris Marcus for ten (10) years hereafter, from violating in any way the Indian Arts and Crafts Act, 25 U.S.C.§ 305 et. seq., as of the time of execution of this Agreement, by offering or displaying for sale or selling goods in a manner that falsely suggests they are Indian produced, an Indian product or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States.  If Native American Arts wishes to assert that Harris Marcus has violated this Injunction in any way, it shall give Harris Marcus written notice of any alleged violation and sixty (60) days thereafter to cure or correct such alleged violation before attempting any enforcement hereof.  In the event Native American Arts considers the alleged violation not remedied within the 60 day cure period, Native American Arts may petition the Court for such relief as the Court deems necessary.  Such petition may not be filed until the expiration of seventy-five (75)

days after service of the original notice.  In no event shall the cure by Harris Marcus of any alleged violation within the sixty (60) day cure period be considered an admission by Harris Marcus of a violation by Harris Marcus of this Agreement or of any law, statute, rule or regulation.  Plaintiff and Harris Marcus have agreed that the prominent display on its internet website, hang-tags, display cards, catalogues, invoices, marketing or advertising materials of the following disclaimer statement: "This product is [*or "these products are"*] not Indian made or an Indian product under 25 U.S.C. § 305 et. seq." or "This product is not Indian made or an Indian product" or "No products offered are Indian made or an Indian product" shall fully satisfy the requirements of this Injunction and of the provisions of this paragraph and shall be deemed full and complete compliance with the Indian Arts and Crafts Act and any rule, regulation or case respecting that Act.  Subject to the notice and cure provisions herein, Harris Marcus shall determine what products are Indian in style, which products will include the disclaimer, and determine how and where such disclaimer will be displayed on any Indian style products or advertisements therefore.  This Injunction is only applicable to products defined as "arts and crafts" under U.S.C. § 305, et seq., and Harris Marcus will not be required pursuant to this Injunction to display disclaimers on products which are not clearly "arts and crafts" as defined by the Act.  If Native American Arts disagrees with any characterization that a product is not an "art and craft" item, it should give Harris Marcus written notice and the right to cure.  This Injunction will be effective sixty (60) days from entry of the Court order implementing the Injunction (the "Injunction Effective Date").  Notwithstanding the foregoing, this Injunction is not applicable to any internet website, product, hang-tag, display card, catalog, invoice, marketing or advertising materials that have already been shipped, mailed or distributed from the premises of Harris Marcus prior to the entry of the Agreed Order.

    2.    The Settlement Agreement has been reached in good faith and without collusion.

3.  Native American Arts and Harris Marcus (collectively the "settling parties") have entered into a Settlement Agreement, the terms of which shall be treated as confidential and not disclosed, which resolved all issues and disputes between the settling parties.

4.  Native American Arts and Harris Marcus acknowledge that the execution of the Settlement Agreement and entry of the Agreed Order are being made solely for the purposes of compromise, settlement, and expeditious resolution of their disputes and shall not constitute an admission of any fact, act, fault or liability in any way by either party in connection with the claims set forth in the Pending Litigation between the parties or other real or potential controversy, claim or lawsuit that could have been brought by either of them and any such purported admissions are hereby expressly denied by Harris Marcus and its employees, agents, and affiliates.

5.  No bond is necessary or required for the issuance of the Injunction stipulated above and no bond is ordered herein.

6.  The Court shall retain jurisdiction solely for the purpose of enforcing the terms of the Consent Decree and Injunction set forth in paragraph 1 above. Except as necessary to enforce the terms of the Consent Decree and Injunction, this case is dismissed with prejudice with each party to bear its own fees and costs pursuant to the Settlement Agreement reached by the parties.

IT IS SO ORDERED.

9/26/11
DATED: _____     *Dale S. Fischer*

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE